IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEENAN COFIELD, #12249-074 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. CCB-07-1472 |
| MARVIN J. GARBIS | * | |
| Defendant. | | |
| | *** | |

**<u>MEMORANDUM</u>**

On June 1, 2007, the court received for filing Keenan Kester Cofield's complaint against the Honorable Marvin J. Garbis. Plaintiff, who is housed at a detention facility in Youngstown, Ohio, is apparently serving his U.S. Bureau of Prisons ("BOP") sentence, having been mandatorily released from the Maryland Division of Correction.[1] In filing this action, Plaintiff cites to 42 U.S.C. §§ 1981, 1983, 1985, 1986, & 1988 and invokes the All Writs Act under "28 U.S.C. § 455." Because he appears indigent, Plaintiff shall be granted leave to proceed *in forma pauperis*.

Plaintiff apparently attacks the constitutionality of his trial. He seeks punitive and compensatory damages against Judge Garbis for violations under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, and requests that Judge Garbis be recused from all his cases. Federal judges possess absolute judicial immunity from liability for monetary damages for their

---

[1] Petitioner served time on multiple state convictions handed down in Baltimore County, Maryland. *See Cofield v. Rouse, et al.*, Civil Action No. CCB-06-909 (D. Md.) at Paper No. 22. These concurrent four-year sentences commenced in February of 2004 and January of 2005. *Id*.

In addition, Petitioner was convicted and sentenced in this court. *See United States v. Cofield*, Criminal No. MJG-04-099 (D. Md. 2004). On October 29, 2004, he signed a plea agreement, agreeing to plead guilty to one count of conspiracy to utter a forged or stolen U.S. Treasury check, in violation of 18 U.S.C. § 371. On May 16, 2005, the Honorable Marvin J. Garbis sentenced petitioner to a ten-month term in the U.S. Bureau of Prisons ("BOP") with three years of supervised release and ordered him to pay a $100.00 special assessment. *Id*. at Paper No. 66. Since the entry of that judgment, Judge Garbis has held that the 10-month sentence is to run consecutive to any state sentence. *Id*. at Paper No. 85.

judicial duties conducted within their jurisdiction. *See Bolin v. Story*, 225 F.3d 1234, 1240-1242 (11th Cir. 2000); *Mehdipour v. Purcell*, 173 F.Supp.2d 1165, 1166 (W.D. Okla. 2001); *Tinsley v. Widener*, 150 F.Supp.2d 7, 11 (D. D.C. 2001); *Glendora v. City of White Plains*, 53 F.Supp.2d 621, 624 (S.D. N.Y. 1999). The actions attacked here comprise judicial process conduct. Judge Garbis is immune from damage liability.[2] Consequently, the civil rights case shall be dismissed.[3]

Because plaintiff's complaint is premised on an "indisputably meritless legal theory," it is subject to dismissal under 28 U.S.C. §1915(e).[4] Plaintiff is hereby notified that he may be barred

---

[2]  Petitioner references 28 U.S.C. § 455. The court finds no basis for recusal.

[3]  Attached to the complaint as an exhibit is a "complaint and administrative grievance" which raises several counts for review. Petitioner claims that: (1) the pre-sentence report ("PSR") in his federal case contains incorrect information regarding the underlying criminal statute charged by the grand jury; (2) the PSR inaccurately reflects the monetary loss for his federal criminal offense; (3) he is entitled to a 2 or 4 point reduction in the offense level, as the PSI does not reflect that funds were returned or taken out of his account without incident; (4a) the PSI does not reflect an illegal and voided 1982 conviction in the state of Alabama, which provided the basis for his federal conviction in Tennessee; (4b) the conviction in the Tennessee federal court should be considered invalid as it is subject to the "fruits of the poisonous tree" rule; (5) one of his Maryland sentences was imposed without counsel or without petitioner's presence and should not have been referenced in the PSR and used to enhance his criminal history; (6a) the PSR does not note that "multiple terms of imprisonment" shall be treated for administrative purposes as a single, aggregate term of imprisonment; (6b) the U.S. Bureau of Prisons has failed to aggregate his sentence and multiple terms of imprisonment (state and federal) as a single term, which would result in his immediate release; (7) the PSR makes no reference to credits under 18 U.S.C § 3585(b)(1) for "home detention" while in pre-trial custody; (8) he is entitled to credits under 18 U.S.C § 3585(b)(1) for his arrest by the Circuit Court in Baltimore County; and (9) he is entitled to nunc pro tunc designation and credits under 18 U.S.C. § 3621. Paper No. 1 at Attachments. There is no indication that Plaintiff wishes to raise these claims here. In any event, these identical claims were raised in *Cofield v. United States,* Civil Action No. CCB-07-990 (D. Md.), treated as grounds raised under 28 U.S.C. §§ 2241, 1361, & 2255, and dismissed without prejudice.

[4]  28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A)  the allegation of poverty is untrue; or
(B)  the action or appeal--
(i)  is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such

from filing future suits *in forma pauperis* if he continues to file prisoner civil rights actions that are subject to dismissal as frivolous or malicious under §1915(e) or under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted.[5]  A separate order follows.

Date:  June 14, 2007                              /s/
                                      Catherine C. Blake
                                      United States District Judge

---

relief.

[5]     28 U.S.C. § 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the court interprets this provision of the Act (the relevant portions of which are also known as the "Prison Litigation Reform Act" or "PLRA"), once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.